**BEFORE THE U.S. DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA**
**Columbia Division**
**No. _____**

**Marie Assa'ad-Faltas, MD, MPH,**                    **Plaintiff,**
    vs.
**Richland County Sheriff's Department (RCSD),** as employer of Deputy Pierce/Pearce;
**Leon Lott,** officially as Sheriff of Richland County (RC), South Carolina (SC) for injunctive relief;
**Former RCSD Deputy Pierce/Pearce,** individually for damages; and all their subordinates
and/or agents who did and/or intend to injure Plaintiff,     **Defendants.**

<u>**Complaint**</u> for Damages and for Injunctive Relief, Jury Trial Requested

1. This Court has jurisdiction under: (a) the U.S. Constitution; (b) the *Ex parte Young* doctrine, 209 U.S. 123 (1908); (c) 28 U.S.C. §§1331 and 1343; (d) 42 U.S.C. §1983, as applied in *Mitchum v. Foster*, 407 U.S. 225 (1972), *Dombrowski v. Pfister*, 380 U.S. 479 (1965), *Pulliam v. Allen*, 466 U.S. 522 (1984), *Tennesse v. Lane*, 541 U.S. 509 (2004); and (e) Declaratory Judgment Act, 28 U.S.C.A. §2201 *et seq.*

2. Venue is proper, but not exclusive, before this Court as a substantial part of the events or omissions giving rise to these allegations occurred in the District of South Carolina, Columbia Division and one or more of the defendants reside and/or transact business in Richland County, South Carolina.

3. Claims for any and all acts of other entities who injured Plaintiff but are not sued herein, and for any and all other acts of defendants sued herein which give rise to causes of action other than alleged herein **are not waived** by the filing of this complaint **but are expressly reserved for other complaints to be timely filed, God so willing.**

4. Each Defendant's liability to Plaintiff is complete and not diminished by others' acts.

5. Any fact recited herein which does not give rise to liability of, or cause(s) of action against, any defendant(s) sued herein is to be understood as recited only to give a coherent factual background and is not to be understood as an attempt to sue for acts to which absolute immunity attaches.

6. **Plaintiff Marie Assa'ad-Faltas, MD, MPH ("Dr. Assa'ad-Faltas") is a Coptic Orthodox Christian Egyptian citizen who, since September 2005, has been an alien lawfully admitted for permanent residence in the United States, and, since September 2009, been eligible to apply for U.S. Citizenship.** *Saint Francis College et al.* v. *Al-Khazraji*, 481 U.S. 604 (1987), *unanimously* held that, while now classified as white, Middle Easterners and other "ethnically identifiable subgroups of *homo sapiens*" are protected by §§1981 and 1983:

   > Based on the history of § 1981, we have little trouble in concluding that Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. Such discrimination is racial discrimination that Congress intended §1981 to forbid, whether or not it would be classified as racial in terms of modern scientific theory. [footnote 1:] We note that under prior cases, discrimination by States on the basis of ancestry violates the Equal Protection Clause of the Fourteenth Amendment. <u>Hernandez v. Texas, 347 U. S. 475, 479 (1954)</u>; <u>Oyama v. California, 332 U. S. 633, 646 (1948)</u>; <u>Hirabayashi v. United States, 320 U. S. 81, 100 (1943)</u>. See also <u>Hurd v. Hodge, 334 U. S. 24, 32 (1948)</u>.

7. Dr. Assa'ad-Faltas incorporates by reference, and prays for judicial notice of, all her allegations, evidence, exhibits, and arguments, in all her cases in SC's state courts, this Court and other U.S. District Courts, the U.S. Courts of Appeals, and the U.S. Supreme Court.

8. On 29 February 2016, after dark, Dr. Assa'ad-Faltas was falsely detained by Defendant Pierce/Pearce, who was belatedly trying to serve Dr. Assa'ad-Faltas with civil papers and who turned the blue light *without* Dr. Assa'ad-Faltas having committed any traffic or other violation and without Defendant Pierce/Pearce having any warrant or probable cause to believe Dr. Assa'ad-Faltas committed any crime.

9. When Dr. Assa'ad-Faltas, through her counsel in the other case, challenged the personal jurisdiction of the civil court because service had been improper, Defendant Pierce/Pearce conspired with others to falsely pretend that he had properly stopped Dr. Assa'ad-Faltas because "she had tried to run him over with her car." The encounter had been videotaped by Defendant Pierce/Pearce and does not include any allegations of Dr. Assa'ad-Faltas having tried to harm Defendant Pierce/Pearce in any way.

10. Upon information and belief, Defendant Pierce/Pearce conspired with others to falsely testify that he had "absolutely" informed Dr. Assa'ad-Faltas that he had stopped her "because she had tried to run him over with her car." Again, that defendant-made video absolutely belies him.

11. Upon information and belief, *and subject to voluntary dismissal if further discovery and investigation disproves this claim OR supplementation if discovery and investigation sustain this claim,* Defendant Pierce/Pearce conspired with other to deny/delay Dr. Assa'ad-Faltas' access to a copy of the defendant-made video and a copy of the court-made audio of his testimony.

12. Dr. Assa'ad-Faltas promptly and duly brought the misconduct of Defendant Pierce/Pearce to his superiors; but their response is undisclosed and thus inadequate.

13. The false accusation that Dr. Assa'ad-Faltas had tried to injure/kill a law-enforcement office is a very serious one and made Dr. Assa'ad-Faltas afraid for her life and liberty from false accusations.

14. Upon information and belief, Defendant Pierce/Pearce knew or could have known that Dr. Assa'ad-Faltas had, prior to the dates of Defendant Pierce/Pearce's false detention of her and false testimony against her, been subjected to other false criminal charges of which she, thank God, ultimately fully exonerated herself **but had suffered extensively from having been falsely accused.**

15. Upon information and belief, Defendant Pierce/Pearce acted in extremely malicious and sadistic efforts to revive Dr. Assa'ad-Faltas' known fears and pains from false criminal accusations.

16. Defendant Pierce/Pearce-made video and the audio of his testimony before the Honorable Michelle Howard in Richland County Magistrate Court on 25 April 2016 are incorporated herein by reference and shall, God so willing, be submitted as exhibits as soon as technically feasible.

17. Upon information and belief, Defendants and their co-conspirators acted in animus towards Dr. Assa'ad-Faltas' race, ethnicity and alienage and acted to deprive her of her civil and constitutional rights to freedom from detention without probable cause, and of her civil rights to obtain and give evidence.

18. Defendants' words *outside of in-court testimony* defamed Dr. Assa'ad-Faltas in reckless disregard for the truth.

19. Defendants are liable to Dr. Assa'ad-Faltas for damages for false detention, conspiracies, intentional infliction of mental distress, attempted malicious prosecution, defamation, and tortuous interference with her civil rights and rights to obtain and give evidence.

20. Other causes of action shall, God willing and this Court permitting, be added based on discovery.

## Prayers for Relief

Dr. Assa'ad-Faltas hereby respectfully prays this Court to:

1. Enjoin Defendants from arresting her, detaining her, and/or stopping her to serve her with civil papers in the absence in the absence of any traffic violation or criminal offense committed by her;

2. Allow Dr. Assa'ad-Faltas to conduct discovery, amend her complaint, and try her case to a jury;

3. Orders defendant to pay Dr. Assa'ad-Faltas actual, compensatory and punitive damages; and

4. Order such other relief as this Court deems just and proper.

**Respectfully submitted, on 28 February 2018.**

Marie Assa'ad- Faltas, MD, MPH, Plaintiff *pro se*
P.O. Box 9115, Columbia, SC 29290
Cell Phone: (330) 232 – 4164
e-mail: Marie_Faltas@hotmail.com and MarieAssaadFaltas@GMail.com
