

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MARIE ASSA'AD-FALTAS,<br>Plaintiff,<br><br>vs.<br><br>RICHLAND COUNTY SHERIFF'S DEPARTMENT, *as employer of Deputy Pierce/Pearce*, LEON LOTT, *officially as Sheriff of Richland County, South Carolina for injunctive relief*, FORMER RCSD DEPUTY PIERCE/PEARCE, *individually for damages*, and *all their subordinates and/or agents who did and/or intended to injure Plaintiff*,<br>Defendants. | Civil Action No. 3:18-00578-MGL |

**ORDER ADOPTING IN PART AND REJECTING IN PART
THE REPORT AND RECOMMENDATION,
AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

### I.   INTRODUCTION

Plaintiff Marie Assa'ad-Faltas (Assa'ad), proceeding pro se, filed this action seeking damages and an injunction against Defendants Richland County Sheriff's Department (RCSD), Leon Lott (Lott), and Former RCSD Deputy Pierce/Pearce's (Pearce) (collectively, Defendants), alleging a number of violations under 42 U.S.C. § 1983 and several state law claims.  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for summary judgment be granted.  The Report

was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

## II.    BACKGROUND

The present action arises out of an interaction between Assa'ad and Pearce in February 2016. Pearce was at Assa'ad's apartment complex, attempting to serve an eviction notice. Officer Sean Kilcoyne (Kilcoyne) was patrolling the complex on the night in question and was with Pearce during the interaction. Assa'ad drove into the cul-de-sac for the complex and continued driving after Pearce purportedly called for her to stop. Assa'ad counters she did not hear Pearce give the instruction to stop her car and was continuing to drive in order to check her mail. Pearce also alleges that Assa'ad drove her car directly at him in an attempt to strike him, an allegation Assa'ad denies. Pearce got back in his car, followed Assa'ad, and activated the blue lights on his car. Assa'ad, in response, pulled over her car.

Pearce asserts he stopped Assa'ad's car for a traffic violation, arguing she attempted to run him over with her car and the vehicle was in violation of a county noise ordinance. Assa'ad disputes both allegations. During the interaction, Pearce failed to give Assa'ad a citation for either purported violation, merely serving her with the eviction notice.

### III. ASSA'AD'S OBJECTIONS TO THE REPORT

The Magistrate Judge filed the Report on July 19, 2019. Assa'ad filed her Objections to the Report (Objections) on August 2, 2019.

First, Assa'ad objects to an alleged misapplication of the summary judgment standard by the Magistrate Judge. She asserts the Magistrate Judge improperly credited an affidavit presented by Defendants over one provided by Assa'ad. As highlighted by Assa'ad, the Magistrate Judge credited Kilcoyne's statements about the car noise over "Plaintiff's own[] self-serving statement regarding the condition of her car." Report at 11. The purported noise from Assa'ad's car was the reason Pearce stopped her and thus is the basis for one of her § 1983 claims, alleging Pearce violated her Fourth Amendment rights by executing a traffic stop without reasonable suspicion.

Summary judgment analysis entails a three-step process. First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. Fed. R. Civ. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Second, the Court must ascertain whether that genuine issue pertains to material facts. Fed. R. Civ. P. 56(e). The substantive law of the case identifies the material facts, that is, those facts potentially affecting the outcome of the suit. *Anderson*, 477 U.S. at 248. Third, assuming no genuine issue exists as to the

material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. Fed. R. Civ. P. 56(e).

At the summary judgment stage, the court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015). Summary judgment is impermissible where "affidavits present conflicting version of the facts which require credibility determinations." *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016).

Assa'ad submitted, with her opposition to the motion for summary judgment, a letter declaring, under penalty of perjury, her car "was NOT noisy or damaged" at the time of the incident. Plaintiff's Affidavit Against Defendants' Rule 56 Motion ¶ 2. Because the declaration in the letter was submitted under penalty of perjury, this letter is "conferred . . . the status of an affidavit." *United States v. Arlington Cty., Va.*, 702 F.2d 485, 490 (4th Cir. 1983).

The facts presented in Assa'ad's affidavit directly compete with the facts found in Kilcoyne's affidavit, creating a genuine issue of fact. Contrary to Assa'ad, Kilcoyne submitted to the Court he "could hear that [Assa'ad's] older model vehicle was excessively loud as one could plainly hear the defects with Plaintiff's vehicle from several hundred feet in distance." Affidavit of Sean J. Kilcoyne ¶ 9. Because this fact is central to a determination of reasonable suspicion supporting Pearce stopping Assa'ad, a requirement under the Fourth Amendment, it is material to the case. Summary judgment is thus improper, and the factual dispute to be resolved by a jury. Accordingly, the Court will sustain Assa'ad's objection and deny the motion for summary judgment as to Assa'ad's § 1983 claim asserting a Fourth Amendment violation by Pearce.

Second, Assa'ad objects to alleged judicial bias on the part of both District Court Judge Wooten and Magistrate Judge Hodges. Because District Court Judge Wooten has recused himself from this case, any allegations of bias against him are now moot. Assa'ad's allegations regarding

Magistrate Judge Hodges stem from the Report calling Assa'ad "inappropriate, unprofessional and harassing." Report at 22 n.3.

"[C]omments . . . demonstrate[ing] expressions of impatience, dissatisfaction, annoyance, and even anger . . . do not rise to the level of impermissible judicial bias." *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003). Magistrate Judge Hodges's statements, at best, demonstrate dissatisfaction. Assa'ad's allegations are insufficient to demonstrate impermissible judicial bias and her objection will be thus overruled as to Magistrate Judge Hodges.

Third, Assa'ad objects to summary judgment on her claim for injunctive relief against future enforcement of the noise ordinance against her, stating it would give the RCSD unfettered discretion to continue to arrest her. She argues providing RCSD with unfettered discretion to enforce the noise ordinance would make the ordinance unconstitutionally vague.

Under *Ex Parte Young*, 209 U.S. 123 (1908), a federal court may "issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010). "The requirement that the violation of federal law be ongoing is satisfied when a state officer's enforcement of an allegedly unconstitutional state law is threatened, even if the threat is not yet imminent." *Waste Mgmt. Holdings, Inc. v. Gilmore*¸ 252 F.3d 316, 330 (4th Cir. 2001).

An officer's "general authority to enforce the laws of the state," however, is insufficient to establish a threat of enforcement against an individual. *McBurney*, 616 F.3d at 399. Therefore, *Ex Parte Young* is focused on officials "who threaten and are about to commence proceedings" contrary to the Constitution. *Id.*

Assa'ad fails to provide any evidence in support of any concrete contemplated future action—by anyone within RCSD, including Lott and Pearce—against her under the county noise

5

ordinance. Her speculation "nothing protects [her] from being harassed by repeated arrests," Objections at 3, under the county ordinance closely mirrors allegations based on a "general authority to enforce the laws of the state," *McBurney*, 616 F.3d at 399. Speculation about hypothetical future prosecutions is insufficient to allow for injunctive relief. Therefore, the Court will overrule Assa'ad's third objection.

Fourth, Assa'ad objects to the Magistrate Judge suggesting Pearce is entitled to immunity from suit for purported perjury at a pretrial hearing on a motion to dismiss for lack of personal jurisdiction. She compares such a hearing to a probable cause hearing in the criminal context, and notes the Supreme Court in *Briscoe v. Lahue* reserved judgment on immunity during pretrial hearings. 460 U.S. 325, 328 n.5 (1983).

Although *Lahue* reserved judgment, § 1983 immunity has been extended to perjury in pretrial hearings. *See Brice v. Nkaru*, 220 F.3d 233, 239 n.6 (4th Cir. 2000) ("In any event, there could be no liability based on [a witness's] testimony at the preliminary hearing, because witness absolute immunity applies to testimony given in a judicial proceeding."). According, the Court will overrule Assa'ad's fourth objection.

Finally, Assa'ad vaguely objects to an alleged falsification by the Magistrate Judge in the Report of "the history of discovery" for the case. The Court construes this as an objection under Federal Rule of Civil Procedure 72(a). *Id.* (setting forth the process of objecting to the Magistrate Judge's ruling on non-dispositive matters). The District Court reviews objections to Magistrate Judge's rulings on nondispositive matters for clear error. Fed. R. Civ. P. 72(a). Because Assa'ad received the requested discovery and any recitation of the history of discovery in the case did not affect the substantive analysis in the Report, there is no clear error and this objection is overruled.

IV.   **WHETHER SUMMARY JUDGMENT IS APPROPRIATE AS TO THE STATE LAW CLAIMS**

Inasmuch as the Magistrate Judge suggested the Court grant summary judgment on all Assa'ad's federal claims, she also recommended the Court decline to exercise supplemental jurisdiction over her remaining state law claims. But, because a federal claim remains, the Court now retains supplemental jurisdiction over the state law claims. Because the Report lacked a substantive analysis of the state law claims, the Court will deny without prejudice the motion for summary judgment as to the remaining state law claims. The parties are encouraged to refile any dispositive motions making arguments specific to the state law claims. These motions will be referred to the Magistrate Judge.

*****

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Assa'ad's objections, except as noted above, adopts the Report to the extent it is consistent with this opinion, and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **DENIED** with respect to the § 1983 claims for a violation of Assa'ad's Fourth Amendment rights during the traffic stop, **DENIED WITHOUT PREJUDICE** as to Assa'ad's state law claims, and **GRANTED** as to the remaining § 1983 claims.

**IT IS SO ORDERED.**

Signed this 19th day of March 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.