

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MARIE ASSA'AD-FALTAS,　Plaintiff, § § § | |
| vs. § | Civil Action No. 3:18-00578-MGL |
| § | |
| RICHLAND COUNTY SHERIFF'S DEPARTMENT, *as employer of Deputy Pierce/Pearce*, LEON LOTT, *officially as Sheriff of Richland County, South Carolina for injunctive relief*, FORMER RCSD DEPUTY PIERCE/PEARCE, *individually for damages*, and *all their subordinates and/or agents who did and/or intended to injure Plaintiff*,　Defendants. § § § § § § § § § § § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO ALTER OR AMEND**

**I.     INTRODUCTION**

Plaintiff Marie Assa'ad-Faltas (Assa'ad), proceeding pro se, filed this action seeking damages and an injunction against Defendants Richland County Sheriff's Department (RCSD), Leon Lott (Lott), and Former RCSD Deputy Pierce/Pearce's (Pearce) (collectively, Defendants), alleging a number of violations under 42 U.S.C. § 1983 and several state law claims.  Pending before the Court is Defendants' motion to alter or amend the Court's previous order granting in part and denying in part their motion for summary judgment.  Having carefully considered the motion, the response, the reply, the sur-reply, the record, and the applicable law, the Court is of the opinion Defendants' motion to alter or amend should be denied.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The present action arises out of an interaction between Assa'ad and Pearce in February 2016.  Pearce was at Assa'ad's apartment complex, attempting to serve her with an eviction notice.  Officer Sean Kilcoyne (Kilcoyne) was patrolling the complex on the night in question and was with Pearce during the interaction.  Pearce was outside his patrol vehicle when Assa'ad approached the area in her car.

Assa'ad drove into the cul-de-sac for the complex and continued driving after Pearce purportedly called for her to stop.  Assa'ad counters she did not hear Pearce give the instruction to stop her car and was continuing to drive to her mailbox.  Pearce alleges Assa'ad drove her car directly at him in an attempt to strike him, an allegation Assa'ad denies.  Pearce got back in his car, followed Assa'ad, and activated the blue lights on his car.  Assa'ad, in response, pulled over her car.

Pearce asserts he stopped Assa'ad's car for a traffic violation, arguing she attempted to run over him with her car and her vehicle was in violation of a county noise ordinance.  Assa'ad disputes both allegations.  During the interaction, Pearce failed to give Assa'ad a citation for either purported violation, merely serving her with the eviction notice.

On March 19, 2020, the Court granted in part and denied in part Defendants' motion for summary judgment (Summary Judgment Order).  In that order, the Court denied Defendants' motion for summary judgment on Assa'ad's § 1983 claim because of outstanding disputes of material facts.  The Court, applying the summary judgment standard, held the facts in the light most favorable to Assa'ad supported a claim under § 1983.  If Assa'ad assertions—made in a declaration to the Court—her car made no noise and she never directed her car toward Pearce were

taken as true, then Pearce would lack any objective basis for stopping Assa'ad, which would violate her constitutional rights.

On April 16, 2020, Defendants' filed the immediate motion to alter or amend the Court's Summary Judgment Order. Assa'ad responded, Defendants replied, and Assa'ad filed a sur-reply. The Court is now prepared to adjudicate the motion.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotations omitted). Manifest injustice is inapplicable "where [a] district court's initial decision [is] correct." *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020).

### IV.  DISCUSSION AND ANALYSIS

To start, Defendants filed their Rule 59 motion within the twenty-eight-day period required by the rule. Defendants fail to assert either of the first two justifications for a Rule 59 motion, rather they request an alteration or amendment of the Court's previous ruling related to the lawfulness of the stop "to prevent manifest injustice." Motion at 2.

Defendants raise two arguments to support their position. First, they assert the Court failed to properly consider the facts as developed in its probable cause analysis.

3

Defendants are correct judicial analysis of probable cause requires a court to determine "whether the[] historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to . . . probable cause." *Ornelas v. United States*, 517 U.S. 690, 696 (1996). Defendants, however, go a step further and ask the Court to carte blanche accept the facts as articulated by Defendants. Disputed facts, when implicated in the probable cause analysis, are insufficient to support a determination of probable cause for purposes of a § 1983 suit at the summary judgment stage of litigation. *See Hupp v. Cook*, 931 F.3d 307, 321 (4th Cir. 2019) (holding summary judgment inappropriate where the relevant historical facts are in dispute and fail to support a finding of probable cause when taken in the light most favorable to the non-moving party).

Here, Assa'ad—through a declaration the Court properly construed as an affidavit—disputes her car made any noise at all and disputes ever accelerating in the direction of Pearce. Plaintiff's Affidavit Against Defendants' Rule 56 Motion ¶¶ 2 and 7. These facts, when taken in the light most favorable to Assa'ad, fail to establish probable cause for either the noise violation or the driving violation.

As the Court previously stated, summary judgment is impermissible where "affidavits present conflicting version of the facts which require credibility determinations." *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016). Although it is an objective standard to make a probable cause determination, the Court's previous order was correct to deny a motion for summary judgment on the issue where the facts are still in dispute. *See Hupp*, 931 F.3d at 321 (denying summary judgment where a dispute of material fact on probable cause existed).

Defendants' second argument contends the Court improperly ignored their qualified immunity argument. Qualified immunity shields "[g]overnmental officials . . . from liability for

4

money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Id.*

Determining whether an official is entitled to qualified immunity generally requires a two-step inquiry. *See generally Pearson v. Callahan*, 555 U.S. 223 (2009). Courts considering whether to dismiss a complaint based on qualified immunity should consider both "whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right" and "whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Id.* at 232 (citations omitted). The court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." *Id.* at 236.

Defendants assert "in light of [Pearce's] personal observations, [as presented by Defendants through this litigation,] the unconstitutionality of his conduct was not clearly established." Memo in Support of Defendants Motion to Alter or Amend at 11.

"Qualified immunity does not . . . override the ordinary rules applicable to summary judgment proceedings." *Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005). Even when qualified immunity is invoked, "a genuine question of material fact regarding whether the conduct allegedly violative of the right actually occurred must be reserved for trial." *Id.* (internal quotations and alterations omitted). As noted above, summary judgment is impermissible where "affidavits present conflicting version of the facts which require credibility determinations." *Raynor*, 817 F.3d at 130.

There is a material dispute of fact as to whether Assa'ad's car was making any noise. Richland County's noise ordinance makes illegal vehicular noises "in excess of sixty-two (62) decibels between the hours of 7:00 a.m. and 10:00 p.m. of one day and in excess of fifty-five (55) decibels between the hours of 10:00 p.m. of one day and 7:00 a.m. of the following day, or in a manner which is deemed to be excessive by the county sheriff's department." Richland County, S.C., Ordinance § 18-3. If Assa'ad's car made no noise—as alleged by Assa'ad—the stop for such a violation would lack any objective probable cause.

At the time of the incident, it was well established stopping a car for a traffic violation without probable cause exceeded constitutional limits. *See Whren v. United States*, 517 U.S. 806, 810 (1995) (stating a vehicular stop is reasonable when the police have probable cause to believe a traffic violation has occurred). Because there remains a factual dispute whether Pearce stopped Assa'ad without any objective basis for probable cause for a noise violation, qualified immunity would be inappropriate at this time as to the alleged noise violation.

Defendants cite to a South Carolina statute—prohibiting reckless driving—and a Richland County Ordinance—prohibiting careless driving—as the basis for the traffic violations to justify Assa'ad's detention. A similar issue arises for both. Both charges target individuals driving without concern for the safety of others. *See* S.C. Code Ann. § 56-5-2920 [Reckless Driving] ("Any person who drives any vehicle in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property is guilty of reckless driving …"); Richland County, S.C., Ordinance § 17-11. [Careless driving] ("It shall be unlawful for any person to operate any vehicle without care and caution, without full regard for the safety or persons or property.").

There remains a dispute as to whether Assa'ad drove at Pearce during their interaction. Assa'ad disputes ever accelerating in the direction of Pearce. Plaintiff's Affidavit Against

6

Defendants' Rule 56 Motion ¶ 7.  The purported basis for the probable cause supporting a detention on reckless or careless driving is Pearce's assertion Assa'ad did just that.  Because there remains a factual dispute whether Pearce stopped Assa'ad without any objective basis for probable cause for either reckless or careless driving, qualified immunity would be inappropriate on that issue as well.

Therefore, it is the judgment of the Court Defendants' motion to alter or amend the Court's previous order granting in part and denying in part Defendants' motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Signed this 21st day of July 2020 in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.